# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

WYATT DOUGLAS MILLER,

    Defendant.

Case No. 23-CR-331-JFH

## Plea Agreement

The United States of America, by and through Clinton J. Johnson, United States Attorney for the Northern District of Oklahoma, and Christopher J. Nassar, Matthew P. Cyran and Ashley Robert, Assistant United States Attorneys, and the defendant, WYATT DOUGLAS MILLER, in person and through counsel, Brian J. Kuester, respectfully inform the Court that they have reached the following plea agreement.

### 1. Plea

The defendant agrees to enter a voluntary plea of guilty to the following:

**18 U.S.C. § 1349 – Conspiracy to Commit Wire Fraud**

as set forth in the Superseding Indictment in the instant case, Northern District of Oklahoma, and admits to being in fact guilty as charged in the count to which the defendant is pleading guilty.

Revised 10-17-22 (Standard)



Defendant's Initials

## 2.    Waiver of Constitutional Rights

The defendant understands that, by pleading guilty, the following constitutional rights will be relinquished:

a.  the right to be indicted if proceeding by Information;

b.  the right to plead not guilty;

c.  the right to be tried by a jury, or, with the consent of the government, to be tried by a judge;

d.  the right to an attorney at trial, including a court-appointed attorney if the defendant could not afford an attorney;

e.  the right to assist in the selection of the jury;

f.  the right to be presumed innocent, and to have the jury instructed that the government bears the burden to prove the defendant guilty beyond a reasonable doubt and by a unanimous verdict;

g.  the right to confront and cross-examine witnesses against the defendant;

h.  the right to testify on their own behalf and present witnesses in their defense;

i.  the right not to testify, and to have the jury instructed that the decision not to testify could not be used against the defendant;

j.  the right to appeal a guilty verdict to determine if any errors had been committed during trial that would require either a new trial or a dismissal of the charges;

k.  the right to have a jury determine beyond a reasonable doubt any facts that could increase any mandatory minimum or maximum sentence; and

l.  any rights and defenses under the Excessive Fines Clause of the Eighth Amendment to the United States Constitution to the forfeiture of property in this proceeding or any related civil proceeding, special or other assessment, and any order of restitution.

2

Revised 10-17-22

Defendant's Initials

By pleading guilty, the defendant will be giving up all of these rights. By pleading guilty, the defendant understands that they may have to answer questions posed by the Court, both about the rights that the defendant will be giving up and the factual basis for the defendant's plea.

### 3. Appellate and Post-Conviction Waiver

In consideration of the promises and concessions made by the government in this plea agreement, the defendant knowingly and voluntarily agrees to the following terms:

a. The defendant waives rights under 28 U.S.C. § 1291 and/or 18 U.S.C. § 3742(a) to directly appeal the conviction and sentence, including any fine, assessment, forfeiture, restitution order, term or condition of supervised release, or sentence imposed upon a revocation of supervised release; except that the defendant reserves the right to appeal from a sentence that exceeds the statutory maximum;

b. The defendant expressly acknowledges and agrees that the government reserves all rights to appeal the sentence;

c. The defendant waives the right to appeal from the district court's denial of any post-conviction motion to reduce the term of supervised release or probation under 18 U.S.C. §§ 3583(e)(1) or 3564(c); and

d. The defendant waives the right to collaterally attack the conviction and sentence under 28 U.S.C. §§ 2241, 2255, or any other extraordinary writ, except for claims of ineffective assistance of counsel.

The defendant expressly acknowledges that counsel has explained his appellate and post-conviction rights; that the defendant understands his rights; and that the defendant knowingly and voluntarily waives those rights as set forth above.

3

Revised 10-17-22

_____
Defendant's Initials

_____
**WYATT DOUGLAS MILLER**

### 4. Freedom of Information Act Waiver

The defendant waives all rights, whether asserted directly or by a representative, to request or to receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

### 5. Rule 11 Rights Waiver

The defendant knowingly and expressly waives all the rights afforded under Rule 11(f) of the Federal Rules of Criminal Procedure. Therefore, in any subsequent proceeding, including a criminal trial, the following shall be admissible against the defendant under Rule 801(d)(2)(A) of the Federal Rules of Evidence:

a. A guilty plea which is later withdrawn or that the defendant seeks to withdraw;

b. The facts that the defendant has admitted under this plea agreement, as well as any facts to which the defendant admits in open court at the plea hearing, and any statement made in any proceeding under Rule 11 regarding this plea agreement; and

c. Any statement made during plea discussions with an attorney or agent for the government, or that were made pursuant to a proffer letter agreement, that resulted in a plea of guilty that is later withdrawn.

4

Revised 10-17-22


Defendant's Initials

## 6.    Payment of Monetary Penalties

a. *Enforcement*

1)  The defendant waives any defense or objection to any action to enforce the collection of financial obligations to be imposed in connection with this prosecution, including, but not limited to, collection procedures authorized by the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001, et seq., 18 U.S.C. § 3664, or 18 U.S.C. § 3613.

2)  The defendant understands and agrees that under 18 U.S.C. § 3613 any monetary penalties or restitution imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the defendant agrees that the schedule is a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment.

3)  The defendant waives any requirement for demand of payment on any fine, restitution, or assessment imposed by the Court.

4)  The defendant agrees that any unpaid obligations will be submitted to the United States Treasury for offset, so that any federal payment or transfer of returned property the defendant receives may be applied to federal debts and will not be limited by a payment schedule.

5)  The defendant agrees that any restitution debt may not be discharged in any bankruptcy proceeding.

b. *Disclosure of Financial Information*

1)  The defendant agrees to provide complete information regarding all victims potentially entitled to restitution.

2)  The defendant agrees to provide truthful and complete financial information, as requested by the United States Probation Office for the preparation of the presentence report.

3)  The defendant agrees to complete, under penalty of perjury, the required financial statement form not later than two weeks after the defendant enters a guilty plea. The defendant agrees to update any material changes in

5

Defendant's Initials

circumstances, as described in 18 U.S.C. § 3664(k), within seven days of the event giving rise to the changed circumstances.

4) The defendant agrees to submit, before and after sentencing, to depositions and interviews regarding the defendant's financial status, as deemed necessary by the United States Attorney's Office.

5) The defendant authorizes the United States Attorney's Office to obtain the defendant's credit report. The defendant also agrees to provide waivers, consents, or releases, valid for 120 days after sentencing, to allow the U.S. Attorney's Office to access records to verify financial information.

6) The defendant authorizes the United States Attorney's Office to inspect and copy all financial documents and information held by the U.S. Probation Office.

7) The defendant's failure to timely and accurately complete and sign the financial statement, and any necessary updates, may, in addition to any other penalty or remedy, constitute a failure to accept responsibility under U.S.S.G § 3E1.1.

8) The defendant agrees to pay the special assessment within 10 days of sentencing and to provide proof of that payment.

## 7.    Special Assessment

a. The defendant hereby agrees to pay the total Special Monetary Assessment ($100 per felony count) to the United States District Court Clerk before the sentencing hearing or as otherwise directed by the District Court.

## 8.    Factual Basis and Elements

To convict the defendant under 18 U.S.C. § 1349 – Conspiracy to Commit Wire Fraud, the government must prove the following elements beyond a reasonable doubt:

6

Defendant's Initials

**First:** That there was an agreement among the conspirators to violate 18 U.S.C. § 1343 (Wire Fraud);

Elements of which are: a) that ~~the defendant~~ *a conspirator* devised or intended to devise a scheme to defraud, as alleged in the superseding indictment; b) ~~the~~ *a conspirator* ~~defendant~~ acted with specific intent to defraud; c) ~~the defendant~~ *a conspirator* used or caused to be used interstate or foreign wire communications facilities for the purpose of carrying out the scheme; and d) the scheme employed false or fraudulent pretenses, representations *or* ~~of~~ promises that were material.

**Second:** The defendant had knowledge of the essential objectives of the conspiracy;

**Third:** The defendant knowingly and voluntarily participated in the conspiracy;

**Fourth:** There was interdependence among the conspirators.

**Fifth:** Some acts committed in furtherance of the conspiracy occurred in the Northern District of Oklahoma.

With regard to the factual basis required by Federal Rule of Criminal Procedure 11(b)(3), the defendant agrees and stipulates that there is a factual basis for the plea of guilty and relives the United States of any further obligation to adduce such evidence.

The defendant, WYATT DOUGLAS MILLER, admits to knowingly, willfully and intentionally committing or causing to be committed the acts constituting the

Defendant's Initials

7

crime alleged in the Superseding Indictment in the instant case, and confesses to the

Court that the defendant is, in fact, guilty of such crime.

> I, Wyatt Douglas Miller, admit that between on or about April of 2019 and on or about November 2023, I conspired with others to participate in a scheme to defraud certain online retail stores. I acted with the interdependence of my co-conspirators and with the specific intent to defraud using interstate or foreign wire communication facilities with fraudulent pretenses, representations or promises that were material. I now know and acknowledge that some of the acts committed in furtherance of the conspiracy occurred within the Northern District of Oklahoma.
>
> Specifically, I conspired with others to defraud online retail stores by participating in online refund fraud through the use of the Internet and a messaging application known as Telegram. The scheme consisted of making online purchases and then receiving a full refund by deceiving the retailer into believing the item had been returned when it had not.
>
> I hosted a file called various names including "Artemis Dropshipping Log", which was used to coordinate refund fraud orders. The document was used by Singapore-based Artemis Refund Group co-conspirators Tan Kian Wei A/K/A "@vaelxn" and Jerald Tan Hong Wei A/K/A "@marypopz", as well as U.S.-based co-conspirators Antonio Munoz, Tyler Rogers, Jonah Fesman, Kevin Rocha, Ilyess Talbi, and Cameron Martin.
>
> I purchased fake tracking identification (FTID) labels in furtherance of committing refund fraud, from Artemis Refund Group (ARG) member vaelxn and others. I resold refunded merchandise on online marketplaces such as eBay, Mercari, and OfferUp.

_____    02-13-2024
WYATT DOUGLAS MILLER               Date
Defendant

## 9.    Further Prosecution

The United States shall not initiate additional criminal charges against the

defendant in the Northern District of Oklahoma that, as of the date of the

8

_____
Defendant's Initials

defendant's acceptance of this agreement, arise from its investigation of the defendant's actions and conduct giving rise to the instant Indictment. The defendant understands, however, that this obligation is subject to all "Limitations" set forth below, and that the United States Attorney's Office for the Northern District of Oklahoma is free to prosecute the defendant for any illegal conduct (*i.e.*, violation of federal criminal laws) not discovered by or revealed to the government before the date of this agreement or occurring after the date of this agreement.

10.    **Dismissal of Remaining Counts**

If the Court finds the defendant's plea of guilty to be freely and voluntarily made and accepts the plea, then the United States will move, at the appropriate time, to dismiss the remaining counts in the instant case, if any, as to this defendant.

If the defendant's guilty plea is rejected, withdrawn, vacated, or reversed at any time, any charges that have been dismissed may be reinstated or re-presented to a grand jury, and the government will be free to prosecute the defendant for all charges. Under these circumstances, the defendant waives any right to argue that the Double Jeopardy clause bars the defendant's federal prosecution, as well as any objections, motions, or defenses based upon the applicable statute of limitations, the Speedy Trial Act, or constitutional restrictions as to the timeliness of any renewed charges.

11.    **Acceptance of Responsibility**

Provided the defendant clearly demonstrates acceptance of responsibility, the

9

Revised 10-17-22

Defendant's Initials

government agrees to recommend a two-level reduction in offense level pursuant to U.S.S.G. § 3E1.1. The government agrees to file a motion recommending that the Court grant an additional one-level reduction under U.S.S.G. § 3E1.1(b), if the defendant's Guidelines offense level qualifies him for such a reduction. The sentencing judge is in a unique position to evaluate the acceptance of responsibility, and the Court will ultimately decide whether to apply any § 3E1.1 reduction for timely acceptance of responsibility.

Any agreement to recommend an acceptance-of-responsibility reduction is contingent upon the defendant's continuing manifestation of acceptance of responsibility as determined by the government. If the defendant (1) falsely denies, or makes conflicting statements as to, his involvement in the crime to which he is pleading, (2) falsely denies or frivolously contests conduct that the Court determines to be relevant conduct as defined in USSG § 1B1.3, (3) willfully obstructs or attempts to obstruct or impede the administration of justice as defined in USSG § 3C1.1, (4) perpetrates or attempts to perpetrate crimes while awaiting sentencing, or (5) advances false or frivolous issues in mitigation, the government expressly reserves the right to withdraw any recommendation regarding acceptance of responsibility without breaching the agreement.

## 12. Sentence

a. *Imprisonment*

18 U.S.C. § 1349; Conspiracy to Commit Wire Fraud - Imprisonment of not

Revised 10-17-22

Defendant's Initials

more than 20 years and a fine of not more than $250,000 or twice the pecuniary gain of loss, whichever is greater.

b. *Supervised Release*

Additionally, the defendant is aware, if imprisonment is imposed, that the Court may include as part of the sentence a requirement that after imprisonment the defendant be placed on a term of supervised release of no more than 3 years. Violation of any condition of supervised release may result in revocation, or modification of the conditions, of supervised release, which may in turn result in additional incarceration consistent with 18 U.S.C. § 3583(e).

c. *Guidelines*

The defendant is aware that the Sentencing Guidelines are advisory. The Court, while not bound to apply the Sentencing Guidelines, must consult those Guidelines and take them into account when sentencing.

The defendant is further aware that the Court determines the sentence, that the Court has not yet done so, and that any estimate of the sentence – received from any source – is a prediction, not a promise. Regardless of any estimate the defendant has received, the Court has discretion to impose any sentence up to and including the statutory maximum.

13. **Stipulations**

The defendant and the United States agree and stipulate to the following facts:

a. The Government agrees to recommend that the Defendant not receive

11

Defendant's Initials

the U.S.S.G. § 3B1.1(a) enhancement for being the organizer or leader of the criminal activity.

The defendant understands that neither the Court nor the United States Probation Office is bound by the foregoing stipulations, either as to questions of fact or as to determination of the correct advisory sentencing guideline calculation.

Having been fully apprised by defense counsel of the right to seek compensation pursuant to Public Law 105-119, the defendant **WAIVES** any and all such right, and stipulates that defendant is not a "prevailing party" in connection with this case.

### 14.    Limitations

This plea agreement shall be binding and enforceable upon the Office of the United States Attorney for the Northern District of Oklahoma, but in no way limits, binds or otherwise affects the rights, powers, duties or obligations of any state or local law enforcement agency, administrative or regulatory authorities, civil or administrative enforcement, collection, bankruptcy, adversary proceedings or suits which have been or may be filed by any governmental entity, including without limitation, the Internal Revenue Service, the Tax Division of the Department of Justice and the trustee in bankruptcy.

### 15.    Breach of Agreement

In the event either party believes the other has failed to fulfill any obligations under this agreement, then the complaining party shall, in its discretion, have the option of petitioning the Court to be relieved of its obligations herein. The Court

Revised 10-17-22

Defendant's Initials

shall determine whether a party has completely fulfilled all its obligations under this agreement in an appropriate proceeding at which any disclosures and documents provided by either party shall be admissible and at which the complaining party shall be required to establish any breach by a preponderance of the evidence. If the Court determines that the defendant has breached the plea agreement, the government may declare this agreement null and void, and the defendant will be subject to prosecution for any criminal violation, including but not limited to any crimes or offenses contained in or relating to the charges in this case, as well as false statement, obstruction of justice, or any other crime committed by the defendant during this prosecution.

The defendant hereby **WAIVES** any right under Rule 11(d) and (e) of the Federal Rules of Criminal Procedure to withdraw from the guilty plea or this agreement, save and except if the Court determines that the government has breached the plea agreement as set forth above. If WYATT DOUGLAS MILLER, after entry of a plea of guilty, unsuccessfully attempts to withdraw that guilty plea, the government may continue to enforce the agreement but will no longer be bound by any particular provision in this agreement, unless the Court determines that the government acted in bad faith to bring about the attempted plea withdrawal.

16. **Conclusion**

No agreements, representations or understandings have been made between the parties in this case, other than those which are explicitly set forth in this plea

13

Revised 10-17-22

Defendant's Initials

agreement and the Plea Agreement Supplement that the United States will file in this case (as it does in every case, even if there are no additional terms) and none will be entered into unless executed in writing and signed by all of the parties.

SO AGREED:

CLINTON J. JOHNSON
UNITED STATES ATTORNEY

_____          __02/13/2024_____
MATTHEW P. CYRAN                          Dated
Assistant United States Attorney

_____          __02/13/2024_____
BRIAN J. KUESTER                          Dated
Attorney for Defendant

_____          __02/13/2024_____
WYATT DOUGLAS MILLER                      Dated
Defendant

14

Defendant's Initials

I have read this agreement and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Further, I have consulted with my attorney and fully understand my rights with respect to sentencing which may apply to my case. No other promises or inducements have been made to me, other than those contained in this pleading. In addition, no one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

_____          07/13/2024
WYATT DOUGLAS MILLER                         Dated
Defendant

I am counsel for the defendant in this case. I have fully explained to the defendant the defendant's rights with respect to the pending Indictment. Further, I have reviewed the provisions of the <u>Sentencing Guidelines and Policy Statements</u> and I have fully explained to the defendant the provisions of those Guidelines which may apply in this case. I have carefully reviewed every part of this plea agreement with the defendant. To my knowledge, the defendant's decision to enter into this agreement is an informed and voluntary one.

_____          02/13/2024
BRIAN J. KUESTER                             Dated
Counsel for the Defendant

15

Revised 10-17-22

_____
Defendant's Initials